

```
FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JAN 30 AM 7:54

LORETTA G. WHYTE
       CLERK
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VELMA D. MAGEE | CIVIL ACTION |
| VERSUS | NO. 04-2506 |
| JO ANNE B. BARNHART<br>COMMISSIONER OF SOCIAL SECURITY | SECTION "B" (4) |

### REPORT AND RECOMMENDATION

This is an action brought pursuant to **Title 42 U.S.C. § 405(g)** for judicial review of a final decision of the Commissioner of Social Security denying Velma D. Magee's claim for Disability Insurance Benefits under the Social Security Act. The matter was referred to the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(b) and Local Rule 19.02E(b), for the submission of Proposed Findings and Recommendations.

**I.      Factual Summary and Procedural History**

    **A.      Procedural History**

Magee filed a request for Social Security Disability Benefits on January 31, 2003 because of pain in her joints and back. (Tr. 13). The claim was initially denied and Magee requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ held a hearing on February 26, 2004, and issued a decision denying benefits on March 26, 2003. (Tr. 18). Magee then requested that the Appeals Council review the findings of the ALJ, but the Appeals Council denied the review request

```
___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No _____
```

and the ALJ's decision became the final decision of the Commissioner. Magee now seeks review of the Commissioner's final decision. (Tr. 4).

In his decision, the ALJ concluded that Magee was not eligible for disability. In so doing, he found that while she suffers with degenerative disc disease of the lumbar spine which is a "severe" impairment, her impairment did not meet or medically equal to one of the listed level impairments. (Tr. 17). The ALJ also found that Magee's allegations regarding her limitations were not totally credible. (Tr. 17).

The ALJ further found that Magee could frequently lift and carry less than 10 pounds, occasionally carry 10 pounds, stand and walk for two hours, sit for six hours out of an eight hour day with alternating positions, and push and pull within her limits of lifting and carrying. (Tr. 17). He also found that she occasionally engage in postural movements, but could not climb ropes, ladders, or scaffolds, and that Magee could manipulate, see, and communicate without restriction and work within any environment. (Tr. 17.) Finally, he found that she could perform the full range of sedentary work and that there were sufficient jobs in the community as a entry level cashier, bookkeeper, and a payroll/time keeping clerk. (Tr. 19).

Magee contends the ALJ's decision was not based upon substantial evidence because he failed to find that she was totally credible. She further contends that the decision was not based upon substantial evidence because the ALJ did not consider the fact that the consultative doctor found that she suffered with radiculopathy. ( Pl.'s Br. at 3).

**II.  Standard of Review**

The role of the Court on judicial review under Title 42 U.S.C. § 405(g) is limited to determining whether (1) the final decision is supported by substantial evidence and (2) whether the

2

Commissioner used the proper legal standards to evaluate the evidence. *See Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). The Court may not re-weigh the evidence, try issues *de novo* or substitute its judgment for that of the Secretary. *See id.* If supported by substantial evidence, then the Secretary's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). *See also Wilkinson v. Schweiker*, 640 F.2d 743, 744 (5th Cir. 1981).

"Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion." *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). "It is more than a mere scintilla and less than a preponderance." *Id.* It must do more than create a suspicion of the existence of the fact to be established, and no "substantial evidence" will be found only when there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Payne v. Weinberger*, 480 F.2d 1006, 1007 (5th Cir. 1973); *Hemphill v. Weinberger*, 483 F.2d 1137, 1138 (5th Cir. 1973).

The concept of disability is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted . . . for a continuous period of not less than twelve months." 42 U.S.C. §§ 416(i)(1), 423 (d)(1)(A). Section 423(d)(3) of the Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

In determining whether a claimant is capable of engaging in any substantial gainful activity, the Commissioner applies a five-step sequential evaluation process. The rules governing the steps of this evaluation process are: (1) a claimant who is working and engaging in a substantial gainful activity will not be found to be disabled no matter what the medical findings are; (2) a claimant will

3

not be found to be disabled unless he has a "severe impairment"; (3) a claimant whose impairment meets or is equivalent to an impairment listed in Appendix 1 of the regulations will be considered disabled without the need to consider vocational factors; (4) a claimant who is capable of performing work that he has done in the past must be found "not disabled"; and (5) if the claimant is unable to perform his previous work as a result of his impairment, then factors such as his age, education, past work experience, and residual functional capacity must be considered to determine whether he can do other work. *See Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990).

The burden of proof is on the claimant for the first four steps, but shifts to the Commissioner at step five. *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989).

### III. Analysis

#### A. Credibility

Magee contends that the ALJ committed reversible error by failing to find her complaints of pain totally credible. The Commissioner contends that the ALJ considered her pain and the evidence presented by the plaintiff regarding her back impairment. The Commissioner further contends that the issue is not whether the plaintiff experiences pain but whether the pain is sufficient to preclude work activity.

It is well-settled in this Circuit that "the evaluation of a claimant's subjective symptoms is a task particularly within the province of the ALJ, who has had an opportunity to observe whether the person seems to be disabled." *Loya v. Heckler*, 707 F.2d 211, 215 (5th Cir. 1983); *Carrier v. Sullivan*, 944 F.2d 243, 247 (5th Cir. 1991). However, "an ALJ's unfavorable credibility evaluation of a claimant's complaints of pain will not be upheld on judicial review where the uncontroverted medical evidence shows a basis for the claimant's complaints unless the ALJ weighs the objective

medical evidence and assigns articulated reasons for discrediting the claimant's subjective complaints of pain." *Abshire v. Bowen*, 848 F.2d 638, 642 (5th Cir. 1988). For pain to be a disabling condition under the Act "it must be constant, unremitting, and wholly unresponsive to the therapeutic treatment." *See Harrell v. Bowen*, 862 F.2d 471, 480 (5th Cir. 1988) (per curiam) (internal citations omitted) (quoting *Hames v. Heckler*, 707 F.2d 162, 166 (5th Cir. 1983).

In the instant case, the ALJ found that Magee's assertions regarding pain, limitations, and the complete inability to do work were not substantiated by the evidence in the record nor were they totally credible. (Tr. 15). The ALJ noted the following reasons for his decision:

> In reference to SSR 96-7p, the claimant testified that her impairment is limiting. She gets up about 10 in the morning. She will do some chores for about one hour than [sic] sit or lie back down. She spends most of her day lying down or getting up. Her daughter comes over to help with chores and do the shopping. The claimant states that she sometimes cooks, washes the dishes and makes the bed. She goes to church two times per week. She testified that she can sit for 30 minutes to an hour but then her back cramps up. She can stand for 15 to 20 minutes and walk one block. She can lift up to eight pounds. As stated above, the claimant gives a more active portrayal of her daily activities in the Adult Activities of Daily Living Form. ( Exhibit 5E), which is substantiated by her lack of medical treatment for any musculoskeletal impairment and the use of over the counter medication, such as Advil for relief of her pain.

(Tr. 15). The Adult Activities of Daily Living Form referenced by the ALJ indicated that she "gets up in the morning and starts breakfast and lunch for her family, then cleans the house and does the laundry." (Tr. 15). She also "sweeps and mops but it tires her out and she must take breaks." (Tr. 15). She also "shops for groceries, clothes, and cleaning supplies" two or three times a week for two to three hours at a time. (Tr. 15).

The record clearly establishes that the ALJ gave detailed reasons indicating that he thoroughly considered the medical records and Magee's testimony when he decided that the complaints of disabling pain were not credible. The ALJ properly considered both the subjective and

5

objective evidence of the Magee's pain and his conclusion that she was partially credible is based upon substantial evidence.

### B. Consideration of Dr. Casama's Opinion and Lumbar Radiculapathy.

Magee next contends that the ALJ erred by failing to mention in his opinion that the consulting doctor, Dr. Roger Casama, concluded that she had lumbar radiculopathy.[1] She contends that this is a significant omission because this condition can cause severe and debilitating pain. (Pl.'s Br. at 4). Therefore, Magee argues, the ALJ's opinion is not based upon substantial evidence.

The Commissioner, on the other hand, contends that Magee's argument is without merit because the ALJ clearly outlined Dr. Casama's medical opinion in his administrative decision.

According to the record, Dr. Casama is an Internal Medicine Specialist who was consulted by the Administration for a complete internal medical evaluation. (Tr. 183-196). Contrary to Magee's assertion, the ALJ's opinion noted that she was seen by Dr. Casama, and the ALJ acknowledge the doctor's findings.

In his decision, the ALJ noted that according to Dr. Casama's report, Magee had s full range of motion, no muscular atrophy, and moderate tenderness over the entire spine with limited range of motion on flexion and extension. (Tr. 14). Further, the ALJ acknowledged the existence of lumbar radiculopathy because he noted Dr. Casama's finding that Magee had a positive straight leg raising test result which means that pain was " going down or radiating to the left leg from the spine," a symptom of lower back pain, or lumbar radiculopathy ( Tr. 14). He therefore properly noted the existence of radiculopathy.

---

[1] Lumbar radiculopathy refers to back pain in the lower extremities sometimes characterized by sharp, shooting pains down the leg. *See* Alta Skelton, *Lumbar Radiculopathy*, http://www.spineuniverse.com/displayarticle.php/article1469.html.

Furthermore, the ALJ's conclusion was correct because Magee did not have all the symptoms required for her to be considered disabled pursuant to listing §1.04 Disorders of the Spine. *See* 20 C.F.R. Pt. 404 Subpt. P. § 1.04. This listing includes conditions such as "herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. *Id.* The listing requires that "[n]erve root compression [must be] characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)." *Id.*

In this case, the record shows that according to Dr. Casama, Magee had sensory loss with limited range of motion, but had no pathological loss of reflex or motor or sensory abnormalities, and no atrophy. (Tr. 185). Additionally, Dr. Casama noted that Magee could walk on her heels and toes. (Tr. 186). The CT scan of Magee's back failed to show evidence of nerve root impingement. (Tr. 181). In fact, the radiologist noted no pathology at the L5, S1 level. (Tr. 181). Further, there is no evidence elsewhere in the record of an MRI showing root impingement.

It is true that Magee had limited range of motion of the lumbosacral spine and a positive straight leg raising test or radiculopathy, but her condition did not meet the other requirements of §1.04 for the reasons noted above. The Court, therefore, finds that the ALJ's finding that Magee is not disabled within the meaning of the regulations is based upon substantial evidence. The Court further finds that the ALJ appropriately considered the medical opinion of Dr. Casama.

For the reasons assigned herein, it is **RECOMMENDED** that the ALJ's decision denying Velma Magee's application for Disability Insurance Benefits be **AFFIRMED.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this _27th_ day of _January_, 2006.

_____
KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE